UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLTON F. ANDERSON,

  Petitioner,

v.

THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, et al.,

  Respondents.

CIVIL ACTION

No. 08-5408

May 18, 2011                                                     Pollak, J.

## MEMORANDUM

On November 14, 2008, petitioner Carlton F. Anderson filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. 1. On August 31, 2010, Magistrate Judge Perkin filed a Report and Recommendation ("R&R") that recommends denying petitioner's *pro se* petition. *See* Dkt. 15. On September 9, 2010, petitioner filed objections to the R&R. *See* Dkt. 16. Petitioner has also filed a separate motion for appointment of counsel. *See* Dkt. 19.

**I. Background**

The procedural history of this case is set out in detail in the R&R, and this section

1

will provide only a brief summary of that history.[1]  Petitioner was convicted of rape, involuntary deviate sexual intercourse, and burglary, and sentenced on December 27, 1979 to sixteen to forty years imprisonment.  On May 21, 2004, the Pennsylvania Board of Probation and Parole ("the Board") granted petitioner parole and he was released on November 11, 2004.  At the time of his release, petitioner signed a form consenting, as a condition of his parole, to the search of his person, property, and residence by agents of the Board without a warrant.  Petitioner's conditions of parole also barred him from consuming or possessing alcohol for any reason.

On January 26, 2007, Parole Agent Ryan Shaw ("Agent Shaw") arrested petitioner at his apartment for violating the conditions of his parole.  Thereafter, a parole violation hearing was conducted at the State Correctional Institution at Graterford on May 1, 2007 ("Parole Hearing").  At the hearing, petitioner was represented by counsel.  Agent Shaw testified that when he went to petitioner's apartment, he smelled alcohol on petitioner's breath, noticed that petitioner's eyes were glassy, and discovered a four pack of malt liquor in petitioner's refrigerator.  Agent Shaw also testified that he took a urine sample from petitioner, and submitted into evidence a laboratory report indicating that the sample tested positive for ethanol.  On August 6, 2007, the Board found, on the basis of Agent Shaw's testimony and the laboratory report, that petitioner had violated the condition of his parole related to alcohol possession and consumption.  The Board recommitted

---

[1] The R&R drew upon the petition for writ of habeas corpus, respondents' opposition, petitioner's reply, and the exhibits attached to those documents.  *See* R&R at 1 n.2.

petitioner as a technical parole violator to serve six months of backtime.[2]

Petitioner sought review of the Board's decision in an administrative appeal filed on August 17, 2007 and a petition for review filed in the Commonwealth Court of Pennsylvania on November 6, 2007. In both proceedings, the Board's decision was affirmed. On September 30, 2008, the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal. On November 13, 2008, petitioner filed the petition for habeas corpus presently before this court. The petition contains the following claims: (1) Agent Shaw committed forgery and fraud at the Parole Hearing by falsifying several documents used at the hearing, including the laboratory report and a urine sample document, and by forging petitioner's signature; (2) Agent Shaw committed perjury at the Parole Hearing by falsely testifying that petitioner submitted a urine sample on January 26, 2007; and (3) petitioner's Fourth and Fourteenth Amendment rights were violated when Agent Shaw conducted an illegal search of petitioner's apartment and the Board violated petitioner's due process rights by allowing a criminal/civil violation to take place at the Parole Hearing. *See* Petition at 9.

On February 4, 2010, this case was referred to Judge Perkin for preparation of an R&R. On March 9, 2010, Respondents filed their Response to the Petition, which

---

[2] Under Pennsylvania law, "backtime" is "that part of an existing judicially-imposed sentence which the Board directs a parolee to complete following a finding after a civil administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole." *Krantz v. Pennsylvania Bd. of Prob. & Parole*, 483 A.2d 1044, 1047 (Pa. Commw. Ct. 1984).

3

contends that the claims raised in the petition are procedurally defaulted and also fail to state a claim upon which relief can be granted. *See* Dkt. 9. Petitioner filed a response, *see* Dkt. 11, along with several other documents, some addressed to this court and others containing letters sent by petitioner to prison and parole board officials. *See* Dkt. 10, 12-14.

On August 31, 2010, Judge Perkin issued the R&R. While recognizing that petitioner's claims "may be procedurally defaulted because they were not presented at each level of the state court," the R&R nonetheless, "[i]n an abundance of caution," examined the merits of petitioner's claims. R&R at 13. The R&R, following respondents' brief, characterized petitioner's claims as claims pursuant to (1) the Fourth Amendment right against unreasonable searches and seizures; (2) the Fourteenth Amendment right to due process; and (3) the Sixth Amendment right to effective assistance of counsel. *See* R&R at 13-14.[3] After carefully analyzing each of these claims, the R&R determined that each failed on the merits. *See id.* at 14-23. The R&R also concluded that a certificate of appealability is not warranted in this case. *See id.* at 23. On September 9, 2010, petitioner filed objections to the R&R. *See* Dkt. 16. In addition, on April 5, 2011, petitioner filed a motion for appointment of counsel. *See* Dkt. 19.

**II. Analysis**

Like the R&R, this court will examine petitioner's claims on the merits without

---

[3] Petitioner's objections to the R&R also characterize his claims in this fashion. *See* Dkt. 16.

determining whether those claims are procedurally defaulted. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

A. Search and Seizure

Petitioner alleges that the Board violated his Fourth Amendment rights by conducting an unreasonable search and seizure when Agent Shaw searched his residence on January 26, 2007, and that this violation should be grounds for the issuance of a writ of habeas corpus. *See* Petition at 9. As the R&R recognized, this claim is without merit for two reasons. First, "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Samson v. California*, 547 U.S. 843, 857 (2006). Like the parolee in *Samson*, *see id.* at 846, the petitioner in this case signed an agreement consenting to the search of his person, property, and residence without a warrant. *See* R&R at 14-15. Second, even if it could be argued that the Board violated petitioner's Fourth Amendment rights when Agent Shaw searched his apartment, such a violation would not be grounds for the issuance of a writ of habeas corpus because "parole boards are not required by federal law to exclude evidence obtained in violation of the Fourth Amendment." *See Pennsylvania Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 369 (1998).

B. Due Process

Petitioner also argues that his Fourteenth Amendment due process rights were

5

violated because, according to petitioner, Agent Shaw perjured himself and falsified documents entered into evidence at the Parole Hearing. *See* Petition at 9.[4] The R&R recommended rejecting petitioner's due process claim, and this court will adopt that recommendation.

The Supreme Court has held that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Nonetheless, a parolee facing the prospect of revocation of parole is still entitled to an "informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 484. The "minimum requirements of due

---

[4] On September 15, 2010, petitioner filed, pursuant to Federal Rule of Evidence 901, a "motion for Article IX authentication" of a urine sample form filled out by Agent Shaw and a laboratory report indicating that petitioner's sample tested positive for ethanol, both of which were relied upon by the Board during the Parole Hearing. *See* Dkt. 17. On December 7, 2010, Petitioner filed this motion a second time. *See* Dkt. 18. Rule 901 provides the standard for determining whether documents that parties seek to admit into evidence are authentic. *See* Fed. R. Evid. 901(a) (stating that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."). Respondents have not disputed the authenticity of these documents, and in fact have submitted them in support of their answer to the petition for habeas corpus. *See* Answer, Ex. A, Attachment 7, at 63, 65. It appears that petitioner's purpose in filing his *pro se* motion is to provide further arguments in support of his claim that these documents were falsified by Agent Shaw. *See* Dkt. 18 (stating that "[t]hese documents . . . caused the violation of Petitioner's constitutional rights"). Accordingly, the court will deny petitioner's motion, for the same reasons that the court denies petitioner's due process claim.

process" in such proceedings include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board . . . ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489. As the R&R discusses in detail, petitioner's Parole Hearing complied with these various requirements, and petitioner also had the opportunity to file an administrative appeal of the Board's decision and to appeal the Board's final determination to the Commonwealth Court. *See* R&R at 17-18.

Nonetheless, petitioner argues that his due process rights were violated when Agent Shaw allegedly perjured himself and submitted falsified documents into evidence at the Parole Hearing. Because the Commonwealth Court addressed petitioner's argument that the Board violated his due process rights on the merits, this court's review of that decision is limited to determining whether it was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The [habeas] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* at § 2254(e)(1).

In recommitting petitioner to state custody, the Board relied upon Agent Shaw's

7

testimony and the laboratory report which indicated that petitioner's urine sample tested positive for ethanol. *See* Respondents' Response, Ex. A, Attachment 9 (notice of Board decision). Similarly, as the Commonwealth Court noted:

> Agent Shaw testified at the parole violation hearing. Agent Shaw testified that Anderson smelled of alcohol, had glassy eyes and was slurring. Agent Shaw further state that he watched Anderson provide a urine sample and that the sample came back positive for ethanol. The Board accepted the parole agent's testimony. "In parole violation proceedings coming under its exclusive jurisdiction, the Board is the fact-finding agency. Therefore, matters of witness credibility and evidentiary weight are solely for the Board's discretion." *Falasco v. Pennsylvania Board of Probation and Parole*, 521 A.2d 991, 994 (Pa. Cmwlth. 1987). The Board determined that Agent Shaw was credible and accepted his testimony. Therefore, the Board's conclusion that Anderson violated special condition #7 of his parole is supported by substantial evidence of record.

Respondents' Response, Ex. E, at 3-4.

Under § 2254(e)(1) of the federal habeas statute, this court must presumptively defer to the Board's implicit factual determinations that Agent Shaw was a credible witness and that he had not falsified documents submitted to the Board, absent clear evidence to the contrary. *See Campbell v. Vaughn*, 209 F.3d 280, 290 (3d Cir. 2000). Having reviewed petitioner's submissions in this case, along with the record, this court finds that petitioner has failed to present clear and convincing evidence contradicting the Board's factual determinations. In addition, the court finds that petitioner has not demonstrated that the Board's decision was based on an unreasonable determination of the facts in light of the evidence presented in the Parole Hearing as required by § 2254(d)(2). Agent Shaw testified that, when he visited petitioner's apartment, he smelled

8

alcohol on petitioner's breath, noticed that petitioner's eyes were glassy, discovered a four pack of malt liquor in petitioner's refrigerator, and required petitioner to submit a urine sample. Petitioner testified that he did not consume alcohol, that he did not submit a urine sample, and that the beer in the refrigerator was not his. In light of Agent Shaw's "unequivocal[]" testimony, a reasonable fact-finder could discount petitioner's testimony and credit Agent Shaw's testimony. *See Campbell*, 209 F.3d at 291. Likewise, a reasonable fact-finder could credit Agent Shaw's testimony that he accurately filled out the forms submitted into evidence.

For these reasons, the court concludes that petitioner has failed to demonstrate that his due process rights were violated.

C. <u>Ineffective Assistance of Counsel</u>

To establish a claim for ineffective assistance of counsel, the petitioner must show "(1) that counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." *Albrecht v. Horn*, 485 F.3d 103, 127 (3d Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). To demonstrate prejudice, the petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"Petitioner . . . claims that his counsel was ineffective for not properly defending

9

Petitioner during the revocation hearing, for not attacking the illegal search of Petitioner's residence, the chain of custody of the urine sample and the credibility of Agent Ryan Shaw and on appeal before the Commonwealth Court." R&R at 20-21. However, as the R&R notes, petitioner has has not "provide[d] or point[ed] to any evidence that his counsel could have introduced to persuade the hearing examiner to find that Agent Shaw falsified documents and perjured himself." R&R at 22. Likewise, for the reasons discussed above, any argument by petitioner's counsel that the search of petitioner's apartment violated the Fourth Amendment would have been unsuccessful. In addition, as the R&R notes, petitioner's vague claim that his appellate counsel was ineffective is insufficient to demonstrate prejudice. R&R at 23.

### D. Certificate of Appealability

The court adopts the R&R's recommendation that a certificate of appealability should not be issued, because petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.

### E. Motion for Appointment of Counsel

Petitioner has also filed a motion for appointment of counsel. *See* Dkt. 19. While indigent civil litigants have no statutory right to appointed counsel, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This provision, which was previously codified at 28 U.S.C. § 1915(d), gives a district court "discretionary authority to appoint counsel." *Tabron v. Grace*, 6 F.3d 147,

154 (3d Cir. 1993). In exercising such discretion, a court must "consider as a threshold matter the merits of the plaintiff's claim." *Id.* at 155. If the court determines that the plaintiff's claim has "arguable merit," *id.*, then it should consider several additional factors, including: "(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

The court will deny petitioner's motion. As discussed in the preceding sections of this memorandum and in the R&R, petitioner's search and seizure, due process, and ineffective assistance of counsel claims are without merit. Thus, petitioner fails the threshold test for appointment of counsel under *Tabron*, rendering it unnecessary for this court to weigh the additional factors.

**III. Conclusion**

For the foregoing reasons, the R&R is approved and the petition for the issuance of a writ of habeas corpus is denied. An appropriate order accompanies this memorandum.

BY THE COURT

/s/ Louis H. Pollak
Pollak, J.